MARY S. COE, INDIVIDUALLY AND AS EXECUTRIX OF
WILLIAM P. COE, DECEASED, v. ROBERT TREAT
HOTEL COMPANY.

Decided May 28, 1924.

**Negligence—Hotel Liability to Keep Property in Safe Condition
for Guests—Room Rented to Lecture Committee at Time of
Accident—Evidence Showed Property was Not in Unsafe
Condition at Time of Renting.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the rule, *William E. Holmwood* and *Alfred F. Skinner.*

*Contra, John W. Palmer.*

PER CURIAM.

The plaintiffs, Mary S. Coe and her husband (who was
living at the time of the institution of this suit), brought
this action against the hotel company to recover compensa-
tion for personal injuries received by Mrs. Coe through a fall
in the hotel ballroom, where she went for the purpose of at-
tending a lecture given by Miss Anne Morgan, the ball-
room having been rented from the hotel company by the lec-
ture committee in charge of the affair. The trial resulted in
a verdict of $10,000 in favor of the wife and $5,000 in favor
of the husband. The husband died after the allowance of
the present rule.

The right of recovery of the plaintiff was rested upon the
alleged fact that the fall of Mrs. Coe resulted from her catch-
ing a foot in a hole in the carpet covering the ballroom
floor, the hole being eighteen to twenty inches long and five
to six inches wide. Assuming that the fall was so caused,

the liability of the defendant company depends upon the determination of the question whether, in the exercise of reasonable care, it should have become aware of the existence of this hole before the happening of the accident; for, if the management of the hotel company knew, or ought to have known, of its existence prior to the happening of the accident, then, of course, the duty rested upon it to protect parties attending the lecture from danger resulting therefrom; but, on the other hand, if the management was not chargeable with such notice, it is not legally liable for the injuries received by Mrs. Coe.

After a careful examination of the testimony in the case, we are satisfied that the defendant corporation was not chargeable with knowledge of the existence of this hole prior to the happening of the accident. The uncontradicted proof showed that three of the employes of the defendant company were detailed to make, and did make, a careful inspection of this carpet just before the turning over of the ballroom to the lecture committee, and that this hole was not there at that time. Having shown this, no obligation rested upon the defendant company to account for its presence at the time of the accident.

We conclude, therefore, that the finding of the jury, imposing responsibility upon the defendant, was contrary to the fair weight of the evidence.

The solution of the question, whether the verdict in favor of the wife and of the husband were excessive, becomes unimportant in view of the conclusion we have reached upon the primary factor of this case. We may say, however, that our reading of the testimony satisfies us that the contention of the defendant upon this point also is fully justified by the proofs.

For the reasons first stated, the rule to show cause will be made absolute.